UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES PALMER                                                                      PLAINTIFF

V.                                              CIVIL ACTION NO. 3:23-CV-414-KHJ-MTP

AHERN RENTALS, INC., et al.                                             DEFENDANTS

ORDER

Before the Court is Defendants United Rentals, Inc. and United Rentals
(North America) Inc.'s (collectively "United") [9] Motion to Dismiss. The Court
denies the motion without prejudice and grants Plaintiff James Palmer leave to
amend his [1] Complaint within 14 days.[1]

The parties dispute whether Palmer plausibly pleaded a claim against United
for successor liability. United argues no because the Complaint does not allege an
employment relationship or that United "was involved in any way with [Palmer] not
receiving the promotion." [9] at 1; Defs.' Mem. [13] at 2. According to United,
Palmer makes only conclusory allegations that United bought Ahern's assets, which
United claims "is insufficient to establish . . . liab[ility] for any action taken by
Ahern." [13] at 4. The Court agrees.

To state a plausible claim for successor liability against United, Palmer must
plead facts that enable the Court to analyze the following elements:

---

[1] The Court also denies without prejudice Palmer's [21] Motion to Strike United's reply
in support of dismissal.

(1) whether there is substantial continuity between the business operations of the successor and the predecessor;

(2) whether the successor had notice of potential liability when it acquired the relevant assets;

(3) whether the predecessor is able to provide relief directly; and

(4) whether the overall equities support the imposition of successor liability.

*Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 945 (N.D. Tex. 2014).

Palmer's Complaint does not allow the Court to make this inquiry. Indeed, the Complaint supplies only one paragraph to support United's liability: "On information and belief, Defendant United Rentals Inc. and/or United Rentals (North America) Inc. purchased Ahern Rentals, Inc. and took on responsibility for its unlawful actions here." [1] ¶ 2. These limited facts do not state a plausible claim for successor liability.[2]

In his response, however, Palmer requests leave to amend if the "Court concludes that the allegations in the Complaint are insufficiently specific concerning the successorship of" United. Pl.'s Mem. [16] at 4. The Court grants this request because although Palmer's current Complaint "fail[s] to meet the specific pleading requirements[, that] should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). While "a court may dismiss the claim, it should not do

---

[2] *See Hadassa Inv. Sec. Nigeria Ltd. v. Swiftships Shipbuilders LLC*, No. 6:16-CV-01502, 2018 WL 1310104, at *5 (W.D. La. Mar. 12, 2018) (holding plaintiff "provide[d] no facts bearing on the factors of the successor liability analysis" and therefore "failed to plead facts sufficient to make a plausible showing of successor liability."); *Hunt v. Calfrac Well Servs. Corp.*, No. 5:16-CV-325, 2016 WL 8849824, *2 (W.D. Tex. July 29, 2016) ("In order to state a claim of successor liability, Plaintiffs must provide factual information regarding [a defendant's] ability to provide relief directly to Plaintiffs.").

so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* Here, "it is not apparent whether [Palmer] pleaded [his] best case, making it improper to permanently close the courthouse doors on [his] claims." *Harbin v. Daniels*, No. 2:15-CV-110, 2016 WL 3676664, at *2 (S.D. Miss. July 7, 2016).

Accordingly, the Court DENIES without prejudice United's [9] Motion to Dismiss, DENIES without prejudice Palmer's [21] Motion to Strike, and GRANTS Palmer leave to amend his Complaint within 14 days. He must submit the filing on or before December 29, 2023. United may then reurge its motion if appropriate.

SO ORDERED, this 15th day of December, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE